IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERT MALLETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-955-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Robert Mallett, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

Petitioner is serving a fifty-year sentence on his 1985 conviction in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0249382D, for aggravated sexual assault of a child younger than 14 years of age. Admin. R., SH1 Writ Rec., 34, ECF No. 11-15. On direct appeal, the Second District Court of Appeals of Texas affirmed the trial's court judgment, and, on March 9, 1988, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.*, Docket Sheet, ECF No. 11-2. Nothing in the record reflects that Petitioner sought writ of certiorari in the United States Supreme Court. On March 7, 1992, Petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals

on September 16, 1992, without written order on the findings of the trial court.[1] *Id.,* SH1 Writ Rec., cover & 6, ECF No. 11-15. This federal petition for postconviction habeas relief was filed on November 24, 2014.[2]

Petitioner raises the following four grounds for relief (all grammatical errors and misspellings are in the original):

(1) Attorney of record would not give any real work to case nor for proper wits for the court case;

(2) Attorney of record did not do the proper objection in the case;

(3) Attorney of record would not give any information, motions or answers of judgement; and

(4) Prosecution did in fact bring up the dismiss confession and prior that of case.

Pet. 6-7, ECF No. 1.

In his answer, Respondent contends the petition is untimely under the federal statute of limitations. Resp't's Answer 4-6, ECF No. 12.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] A petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not provide the date he placed the document in the prison mailing system. Thus, the date Petitioner signed the application is used for purposes of this opinion.

[2] Similarly, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

limitations period shall run from the latest of–

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Petitioner's grounds involve matters relevant to his trial, thus he should have known of the basis of his claims at or near the time of trial. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on June 7, 1988.


limitations period shall run from the latest of–

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Petitioner's grounds involve matters relevant to his trial, thus he should have known of the basis of his claims at or near the time of trial. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on June 7, 1988.

*Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan*, 154 F.3d at 197; SUP. CT. R. 13.1. Under these circumstances, Petitioner had one year from the AEDPA's effective date to file a federal habeas corpus action. Thus, his federal petition was due on or before April 24, 1997, absent any applicable tolling.

Petitioner's state habeas application filed and denied before the enactment date of the AEDPA does not operate to toll limitations under the statutory provision. Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. It is well settled that a petitioner's pro se status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Petitioner's extreme delay in seeking postconviction federal habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before April 24, 1997, and his petition, filed on November 24, 2014, is untimely.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 7th day of April, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**